# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| AARON EDWARD MEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:23-CV-03085-MDH |
| | ) | |
| AARON WILLIAMS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Pro Se Plaintiff's complaint and request for injunction. Plaintiff filed his complaint and request for injunction March 21, 2023. Though Plaintiff's claims remain somewhat unclear, Plaintiff appears to allege, *inter alia*, malicious prosecution and trespass against Defendants. Based on documents attached to Plaintiff's complaint, it appears Plaintiff's claims relate to events stemming from Plaintiff's arrest pursuant to a state-level forgery case in Douglas County, Missouri. (Doc. 1-3). Defendants appear to have been served, but answers are not due until April 25, 2023. (Docs. 3-5).

Analyzing a request for preliminary injunction and temporary restraining order, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties; and 4) public interest. *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). "No single factor is dispositive;" rather, the court must consider all factors to, "determine whether on balance they weigh towards granting

1

the injunction." *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc.*, 815 F.2d 500, 503 (8th Cir. 1987).

Plaintiff has failed to allege sufficient facts for this Court to make a determination regarding whether Plaintiff is likely to succeed on the merits and whether Plaintiff is likely to suffer irreparable harm. Plaintiff filed his complaint and request for injunction on the District Court's fillable forms, but Plaintiff failed to complete the majority of the form. For example, Plaintiff has failed to clearly identify what injury he has suffered and how such injury rises to the level of irreparability. It appears Plaintiff is alleging malicious prosecution against Defendant Weatherman, a state prosecutor; trespass against Defendant Williams, a law enforcement officer; and Freedom of Information Act violations against Defendant Hathcock, a county clerk. (Doc. 1 at 5). However, Plaintiff's complaint is void of specific factual allegations that would allow this Court to evaluate Plaintiff's Motion for an Injunction.

## CONCLUSION

For foregoing reasons, Plaintiff's request for an injunction is denied. Plaintiff may renew a request for a preliminary injunction once counsel has entered for all defendants.

**IT IS SO ORDERED.**

Dated: April 14, 2023

  _/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**United States District Judge**

2