IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| AARON EDWARD MEIER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:23-CV-03085-MDH |
| AARON WILLIAMS, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court are separate Motions to Dismiss from Defendant Williams, Defendant Weatherman, and Defendant Hathcock. (Docs. 9, 13, 16). Defendants Williams and Weatherman bring their Motions through Federal Rule of Civil Procedure 12(b)(6), while Defendant Hathcock brings her Motion through Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). *Pro Se* Plaintiff has responded (Doc. 18) and Defendants Williams and Hathcock replied in turn. (Docs. 20, 21). The matter is now ripe for review. For reasons herein, Defendants' Motions to Dismiss are **GRANTED**.[1]

## BACKGROUND

Plaintiff filed his *pro se* complaint March 21, 2022. Plaintiff's complaint contains few factual allegations. Plaintiff claims, "under the color of law attorney Matthew Thomas

---

[1] Also in front of the Court are Plaintiff's *Pro Se* Motion to Set Cause for Trial (Doc. 7), Motion to Produce Negatives (Doc. 22), Motions for Extension of Time and Appointment of Counsel (Doc. 23), and Motion for Discovery (Doc. 29). Various forms of relief sought by Plaintiff are unclear and vague. Further, it is unclear why Plaintiff is seeking additional time in which to respond, as Plaintiff has already responded to Defendants' various Motions to Dismiss. (Doc. 18). Regardless, as the present order **GRANTS** Defendants' Motions to Dismiss, this Court finds Plaintiff's other Motions to be **MOOT**.

1

Weatherman maliciously persecuting me. I made Remedy by getting my license plates." (Doc. 1 at 5). Plaintiff then claims, "Officer Aaron Williams trespassed against my truck without probable cause took my personal property and towed my truck." (Doc. 1 at 5). Plaintiff's final claim is that, "I filed a foia request with Kim Hathcock, she refused to give me the request. I filed for Discovery and they refused to give me my discovery." (Doc. 1 at 5). Plaintiff makes no additional factual allegations. Plaintiff does, however, attach to his complaint a probable cause statement from an ongoing state-level forgery case from Douglas County, Missouri, in which Plaintiff is a defendant. That probable cause statement indicates Defendant Weatherman charged Plaintiff with felony-level forgery for allegedly having "forged license plates" affixed to his vehicle. (Doc. 1-3 at 20). According to the probable cause statement, Defendant Williams, a police officer in Ava, Missouri, observed Plaintiff's allegedly forged license plates while responding to a disturbance in the Douglas County courthouse involving Plaintiff. Defendant Williams then removed the license plates from Plaintiff's vehicle. Defendant Williams towed Plaintiff's vehicle after arresting Plaintiff for forgery. The probable cause statement, signed by Defendant Williams, makes clear Plaintiff was known to Defendant Williams prior to the interaction that gave rise to the forgery charge. Defendant Weatherman serves as prosecuting attorney in Douglas County, Missouri, while Defendant Hathcock serves as county clerk. Though Plaintiff fails to identify the specific authority under which his claims arise, this Court understands Plaintiff's malicious prosecution claim against Defendant Weatherman to arise under 42 U.S.C. § 1983. This Court also understands Plaintiff's claim against Defendant Hathcock to arise out of the Freedom of Information Act, while the claim against Defendant Williams is a state-level trespass claim.

**STANDARD**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). When assessing a complaint for a 12(b)(6) motion, the court considers the complaint itself and documents necessarily embraced by the pleadings. *Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) (quoting *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012)).

"In order to properly dismiss [a case] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial attack, the court "restricts itself to the face of the pleadings" and "the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). Dismissal is appropriate only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief." *Id.* In a factual attack, "the court considers matters outside the pleadings . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards." *Id.* Dismissal is appropriate in such cases where, upon weighing the evidence, the court is not satisfied that the plaintiff has, in fact, proved jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

**ARGUMENT**

i. **Plaintiff has failed to state a claim for malicious prosecution against Defendant Weatherman**

Plaintiff's complaint suggests he intends to bring a malicious prosecution claim against Defendant Weatherman, prosecuting attorney in Douglas County, Missouri. The Supreme Court has held that malicious prosecution claims brought under the Fourth Amendment of the United States Constitution require a plaintiff show: "(i) the suit or proceeding was instituted without any probable cause; (ii) the motive in instituting the suit was malicious; and (iii) the prosecution terminated in the acquittal or discharge of the accused." *Thompson v. Clark*, 142 S. Ct. 1332, 1342 (2022) (citations omitted). Plaintiff claims, however, that "under the color of law attorney Matthew Thomas Weatherman maliciously persecuting me. I made Remedy by getting my license plates." (Doc. 1 at 5). This amounts only to a conclusory allegation, void of sufficient facts to state a claim for malicious prosecution. In particular, Plaintiff has not alleged, and no evidence suggests, the state-level forgery charge, which appears to have been filed only in January 2023, has been disposed of, resulting in acquittal for Plaintiff. (Doc. 1-3 at 1-2). Accordingly, even a liberal read of Plaintiff's allegations reveals Plaintiff has failed to make a *prima facie* malicious prosecution claim against Defendant Weatherman. Further, as a prosecuting attorney, qualified immunity, if not absolute immunity, shields Defendant Weatherman from liability from Plaintiff's claim, as

4

Plaintiff has failed to allege any facts, like malicious intent, that would move this Court to find such immunity inapplicable. *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009) (either qualified or absolute immunity applies to prosecutors acting under color of state law depending on the nature of the complained-about conduct).

> ii. **This Court lacks subject matter jurisdiction under *Younger* to decide Plaintiff's challenge to Defendant Williams' probable cause in the underlying state proceeding**

Plaintiff claims, "Officer Aaron Williams trespassed against my truck without probable cause took my personal property and towed my truck." (Doc. 1 at 5). Missouri law defines trespass as "direct physical interference with the person or property of another." *Philips v. Citimortgage*, Inc., 430 S.W.3d 324, 330 (Mo. Ct. App. 2014) (citations omitted). Plaintiff's complaint lacks additional factual allegations that would allow this Court to understand what specific acts Plaintiff alleges constitute trespass on the part of Defendant Williams. To the extent Plaintiff's complaint contemplates Officer Williams' actions as described in the probable cause statement attached to Plaintiff's complaint, Plaintiff's request is most appropriately understood as a challenge to the probable cause underlying the pending state-level forgery case.

Defendant Williams argues, and this Court agrees, however, that the *Younger* abstention doctrine prevents this Court from intervening in the pending state-court proceeding. *See Younger v. Harris*, 401 U.S. 37, 45, 91 S. Ct. 746, 751, 27 L. Ed. 2d 669 (1971) (federal intervention into pending state-court proceeding appropriate only under extraordinary circumstances where "danger of irreparable loss is both great and immediate."). The Eighth Circuit has clarified that three specific inquiries guide analysis of whether *Younger* abstention applies.

> First, does the underlying state proceeding fall within one of the three "exceptional circumstances" where *Younger* abstention is appropriate? Second, if the underlying proceeding fits within a *Younger* category, does the state proceeding satisfy what are known as the *Middlesex* factors? And third, even if the underlying state proceeding satisfies the first two inquiries, is abstention nevertheless inappropriate because an exception to abstention applies? *Minnesota Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 552 (8th Cir. 2018) (citations omitted).

Here, the underlying state proceeding falls into one of three types of exceptional circumstances where *Younger* may apply, as it is a criminal proceeding. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 73 (2013) (identifying as exceptional circumstances state criminal prosecutions, civil enforcement proceedings, and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions.") (citations omitted).

Because the underlying proceeding fits into one of the *Younger* categories, the Court next assesses the three *Middlesex* factors. *Minnesota Living Assistance, Inc.* at 553 (citations omitted). *See also Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) (courts consider as second step in abstention analysis whether state proceeding: is judicial; implicates important state interests; and provides adequate opportunity for constitutional challenges). Because the underlying matter is the prosecution of a single count of felony forgery in Missouri state court, the matter is plainly judicial in nature. The underlying proceeding implicates important state interests, because an allegedly forged license plate affixed to a vehicle may reasonably hinder Missouri's vehicle registration process and pose public safety issues on roadways. Finally, because the underlying matter remains pending in Missouri state court, Plaintiff, the defendant in the state-court case, has sufficient opportunity to raise any constitutional challenge.

The final matter to consider in the *Younger* analysis is whether abstention may nonetheless be inappropriate because it is "readily apparent" or "facially conclusive" that federal preemption is appropriate. *Minnesota Living Assistance, Inc*. at 554–55. No evidence in the present matter

suggests, facially or otherwise, that federal intervention is appropriate, in light of the first two prongs of the *Younger* analysis. Altogether, the *Younger* analysis conclusively shows that intervention by this Court into the pending state criminal matter would be inappropriate. Accordingly, to the extent Plaintiff's allegations about Defendant Williams seek to challenge Defendant William's probable cause pertaining to the underlying state case, this Court lacks appropriate subject matter jurisdiction to decide such a matter.

### iii. This Court lacks subject matter jurisdiction regarding any alleged discovery violations on the part of Defendant Hathcock

Defendant Hathcock likewise invokes the *Younger* abstention doctrine to challenge this Court's subject matter jurisdiction to decide Plaintiff's allegations against Defendant Hathcock. Plaintiff asserts, "I filed a foia request with Kim Hathcock, she refused to give me the request. I filed for Discovery and they refused to give me my discovery." (Doc. 1 at 5). Without additional factual allegations, it remains difficult to understand the nature of Plaintiff's claims. To the extent Plaintiff alleges Defendant Hathcock somehow violated the Freedom of Information Act, the text of the Freedom of Information Act statute makes clear the statute applies only to agencies of the federal government, not state agencies like the Douglas County Circuit Court, where Defendant Hathcock works as circuit clerk. 5 U.S.C. § 551(1). To the extent Plaintiff's allegation against Defendant Hathcock seeks remedy for an alleged discovery violation, this Court agrees with Defendant Hathcock that the *Younger* abstention doctrine prevents intervention for reasons described above.

## CONCLUSION

For foregoing reasons, Defendants' separate Motions to Dismiss are each **GRANTED**. Plaintiff's *pro se* complaint is dismissed with prejudice.

7

**IT IS SO ORDERED.**

DATED: May 22, 2023

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**